UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

LABORERS' INTERNATIONAL
UNION OF NORTH AMERICA,
LOCAL UNION NO. 91;
RICHARD PALLADINO, MARIO
NERI, RANDY PALLADINO, ANGELO
MASSARO, and DOUGLAS MAY, as
the Trustees of Laborers' International
Union of North America, Local No. 91
Welfare Fund and the Laborers'
International Union of North America,
Local No. 91 Pension Fund; and
RICHARD PALLADINO, MARIO
NERI, WILLIAM GRACE, ANGELO
MASSARO AND DOUGLAS MAY, as
the Trustees of Laborers' International
Union of North America, Local No. 91
Educational and Training Fund,

        Plaintiffs,

  v.

INSULATION COATINGS &
CONSULTANTS LLC, and CHARLES
SORCE,

        Defendants.

20-CV-1586 (JLS)

_____

## DECISION AND ORDER

This is an action arising under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. sections 1132 and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. section

185.  Dkt. 1, at 2 ¶ 1.  Plaintiffs seek relief based on Defendants' alleged failure to remit contributions to the respective Funds.  This Court previously granted Plaintiffs' motion for default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure.  *See* Dkt. 10.  This Court referred the matter to United States Magistrate Judge Foschio for a Report and Recommendation on Plaintiffs' request to collect delinquent fringe benefit contributions, deductions, interest, liquidated damages, and attorneys' fees and costs.  *Id.*

Following Plaintiffs' written submissions in support of their damages claims (Dkts. 15, 16, and 17), Judge Foschio issue a Report and Recommendation ("R&R") granting Plaintiffs' request for damages.  Dkt. 18.

Neither party objected to the R&R, and the time to do so has expired.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  A district court must conduct a de novo review of those portions of a magistrate judge's recommendation to which a party objects.  *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. section 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).

Though not required to do so here, this Court nevertheless reviewed Judge Foschio's R&R.  Based on that review, and absent any objections, the Court accepts

and adopts the R&R. For the reasons stated above and in the R&R, the Court awards Plaintiffs damages as outlined in the R&R.

Specifically, Plaintiffs are awarded default damages for delinquent ERISA and LMRA Funds contributions and unremitted union dues and assessments with 15% annual double interest through the date of the R&R in the amount of $235,554.15, attorney fees and costs in the amount of $8,870.50 and $5,120 in audit fees, for a total of $249,544.65. The amount of default damages continues to accrue per diem interest of $71.72 on the delinquent ERISA and LMRA Funds contributions and unremitted union dues and assessments. The Clerk of Court thus should be directed to enter judgment in the amount of $249,544.65, plus double daily interest on $87,262.15, being the unpaid union dues and assessments, and the delinquent ERISA and LMRA Funds contributions, of $71.72 per diem from the date of the R&R's recommendation through the date judgment is entered. Following entry of judgment, interest will continue to accrue at the statutory rate set forth by 28 U.S.C. section 1961(a) until full payment by Defendants.

SO ORDERED.

DATED:   March 13, 2023
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE